# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Cedric L. Woods, (#00265789) | ) ) | |
| Petitioner, | ) ) | Civil Action No. 9:16-cv-03890-JMC |
| v. | ) ) ) | **ORDER AND OPINION** |
| Levern Cohen, | ) ) | |
| Respondent. | ) ) | |

This matter is before the court on *Pro se* Petitioner Cedric L. Woods' ("Petitioner") third Petition for Writ of Habeas Corpus ("Petition"), filed on December 12, 2016, pursuant to 28 U.S.C. § 2254 based on ineffective assistance of counsel, improper jury instruction, and "constructive amendments." (*See* ECF No. 1 at 5, 8, 9, 10, 11, 12, and 13.) This review considers Petitioner's Objections ("Objections") to the Magistrate Judge's Report and Recommendation ("Report"), filed on March 31, 2017. (ECF No. 12.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On March 17, 2017, the Magistrate Judge issued a Report recommending the court to summarily dismiss Petitioner's Petition for Writ of Habeas Corpus without prejudice and without requiring Respondent to file a return. (ECF No. 10.) The Magistrate Judge determined that Petitioner's previous § 2254 petitions were adjudicated on the merits and the Petition is successive. Furthermore, the Magistrate Judge ruled that there is no indication that the United States Court of Appeals for the Fourth Circuit authorized Petitioner to file a successive petition. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby summarily **DISMISSES**

1

Petitioner's Petition for Writ of Habeas Corpus without prejudice and without requiring Respondent to file a return.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 10.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently incarcerated in Allendale Correctional Institution, but was transferred from Ridgeland Correctional Institution, where he was incarcerated at the time he filed the Petition; both institutions are within the South Carolina Department of Corrections. (ECF Nos. 1 and 12.) On April 19, 2000, Petitioner was sentenced to thirty (30) years imprisonment for first degree burglary and ten (10) years imprisonment for assault and battery of a high and aggravated nature, to be served consecutively. (*See* ECF Nos. 1 at 1 and 10 at 2.) Petitioner was also sentenced to twenty (20) years imprisonment for attempted armed robbery and thirty (30) years imprisonment for kidnapping, to be served concurrently. *Id*. On December 12, 2016, Petitioner filed his third Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on the grounds of ineffective assistance of counsel, improper jury instruction, and "constructive amendments." (*See* ECF No. 1 at 5, 8, 9, 10, 11, 12, and 13.)

On June 9, 2011, Petitioner first filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his criminal convictions and sentences including first degree burglary, assault and battery of a high and aggravated nature, attempted armed robbery, and kidnapping. *See Woods v. Pate*, No. 3:11-1353-JMC, 2012 WL 3775966 (D.S.C. Aug. 29, 2012) at ECF No. 1. A Magistrate Judge issued a Report and Recommendation to grant Respondent's Motion for

Summary Judgment. *Id.* at ECF No. 27. On August 29, 2012, the court granted Respondent's Motion for Summary Judgment and dismissed Petitioner's petition. *Id.* at ECF No. 33.

On February 7, 2014, Petitioner filed a second Petition for Writ of Habeas Corpus pursuant to § 2254 in this court as a result of his criminal convictions and sentences and a Magistrate Judge recommended dismissing the petition without prejudice as a successive petition. *See Woods v. Pate*, No. 9:14-cv-00345-JMC (D.S.C. Mar. 11, 2014) at ECF Nos. 1 and 8. Petitioner filed a motion to dismiss, and the court dismissed the petition without prejudice on the basis that Petitioner had not filed any objections to the Magistrate Judge's Report and Recommendation and that Petitioner had requested that the court dismiss the action without prejudice. *Id.* at ECF Nos. 12 and 13. This court now proceeds to determine Petitioner's third Petition for Writ of Habeas Corpus.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

On December 12, 2016, Petitioner filed objections stating that the State of South Carolina did not prove all the elements on his weapon offense indictment. (*See* ECF No. 12.) As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner previously filed two § 2254 petitions in this court, which establishes that his third Petition qualifies as a "second or successive habeas corpus application." 28 U.S.C. § 2244(b). Accordingly, a prisoner seeking to file a second or successive § 2254 petition must first file a motion in the appropriate United States Court of Appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C.§ 2244(b)(3)(A); 28 U.S.C. § 2255. Because Petitioner failed to obtain permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition in the district court as the statute requires, this district court does not have subject matter jurisdiction over his case.

Furthermore, the application must either "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and " the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty for the underlying offense." 28 U.S.C. §§ 2244(b)(2)(A); 2244(b)(2)(B)(i) and (ii). Given that Petitioner's Objections only state that the State of South Carolina failed to prove all the elements of his weapon offense (ECF No. 12.), Petitioner failed to fulfil any of these criteria. Even if Petitioner might have raised a different claim, it is not based on either a new rule of constitutional law or facts undiscoverable at the time of the previous petitions. *See* 28 U.S.C. § 2244(b)(2(A). Petitioner must allege specific facts regarding his actual innocence claim that was unknown to him at the time he filed his previous § 2254 petitions. Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the Magistrate Judge's recommendation.

### III. CONCLUSION

Based on the aforementioned reasons and following a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 10.) The court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). It is therefore **ORDERED** that Petitioner's Petition (ECF No. 1) in the above-captioned case is summarily **DISMISSED** without prejudice and without requiring Respondent to file a return.

5

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 11, 2017
Columbia, South Carolina